# AGREEMENT

AGREEMENT made the 20th day of July , 2010 by and between **TRUSTEES of the SHEET METAL WORKERS LOCAL UNION No. 28 BENEFIT FUNDS** ("L28 FUNDS"), located at 195 Mineola Blvd., Mineola, NY 11501, **CARDRONA INC.** ("CARDRONA"), located at 58-85 57th Street, Maspeth, NY 11378, and **ULTAN GALLAGAN**, residing at 280 Park Avenue South, Apt. 9H, New York, NY 10010.

WHEREAS, **CARDRONA**, is a party to a Collective Bargaining Agreement ("CBA") between the **SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL UNION 28** ("UNION") and certain Employers and/or Employer Associations; and

WHEREAS, said **FUNDS** have been established pursuant to CBAs; and

WHEREAS, pursuant to the CBA, **CARDRONA** is to timely pay and/or submit fringe benefits contributions and/or reports to the **L28 FUNDS** indicating among other things the name of its employees and the hours worked by each for **CARDRONA**; and

WHEREAS, **CARDRONA** is delinquent in its payments of contributions to the **L28 FUNDS** for the period of November 4, 2009 through June 30, 2010 in the sum of $65,211.74, which represents contributions owed by **CARDRONA** to the **L28 FUNDS**; and

WHEREAS, **CARDRONA** has been found to be delinquent in its payments of contributions to the **L28 Industry Promotion Fund (IPF)** for the period of September 1, 2009 through June 30, 2010 in the sum of $1,430; and

WHEREAS, the **FUNDS** seek to collect the delinquent amounts due; and

WHEREAS, the parties are desirous of resolving the aforementioned claims; and

1

WHEREAS, as a result of discussion and negotiations by and between all parties, the parties have agreed to resolve any and all outstanding claims among them and to enter into the contractual commitments set forth in this Agreement;

NOW THEREFORE, in consideration of the premises, the mutual covenants and agreements hereinafter set forth it is agreed as follows:

1. As to current contributions commencing with the month of August, 2010, **CARDRONA** will pay to the **FUNDS** its contributions on a timely basis in accordance with the provisions set forth in the CBA.

2. **CARDRONA** acknowledges and agrees that it is indebted to the **L28 FUNDS** and the **L28 IPF** in the sum of $66,641.74 for the period November 4, 2009 through June 30, 2010.

3. **CARDRONA** acknowledges and agrees to pay interest on the unpaid balance of the aforementioned delinquencies to the **FUNDS** at the rate of Two (2%) percent per month as set forth in the CBAs. Accordingly, **CARDRONA** will pay interest totaling $10,663. Said interest shall be added to the amount owed by **CARDRONA** to the **FUNDS** bringing the total amount due and owing to $77,304.

4. **CARDRONA** agrees to pay off the aforementioned debt of $77,304. to the **FUNDS** in accordance with the plan detailed below.

   1. August 2, 2010   $ 75,877. (Certified check to the Local 28 Benefit Funds)
                       $  1,430. (Certified check to the Sheet Metal IPF)

Payment is to be sent to the attorney for the Funds; Sylvie Straus-Figueroa, Law Offices of William Rothberg, 16 Court Street, Suite 2200, Brooklyn, NY 11241.

5. As security for the payment of the foregoing, **CARDRONA** and **ULTAN GALLAGAN** agree to execute affidavits of Confession of Judgment as part of this Agreement in the amount of $76,949.85 The affidavits of Confession of Judgment shall be held in escrow by the attorneys for the **L28 FUNDS** and only released upon the failure of **CARDRONA** to cure default after notice. A copy of said affidavits of Confession of Judgment are annexed hereto.

6. Upon receipt of payment in full of all sums due hereunder, the aforementioned executed affidavits of Confession of Judgment shall be returned to **CARDRONA** and **ULTAN GALLAGAN**.

7. **CARDRONA** agrees that it will comply with all the terms and conditions of the collective bargaining agreement that it entered into with the Union and that its failure to comply with all the terms and conditions of said agreement, including the prompt remittance of benefit reports, contribution payments to the Funds shall be deemed a material breach of the terms and conditions of this Agreement and shall constitute a default of this Agreement.

8. If **CARDRONA** has not tendered a required payment or has failed to remain current in its payment to the Funds then thereafter upon written Notice of Default from the Funds or its attorneys to **CARDRONA** and the failure to cure such default within seven (7) days of **CARDRONA**'s receipt of said notice, the Trustees of the Funds shall have the unilateral right at their sole option to accelerate the balance due pursuant to this Agreement and demand the FULL AMOUNT of the outstanding balance of the Settlement Amount and/or any current contribution amount (less credit for any sums previously paid under this Agreement) plus interest from the date of the default, liquidated damages at the rate of 20% on the unpaid portion and any additional court costs and attorneys' fees incurred in collecting the amount due all in accordance with the collective bargaining agreements and pursuant to ERISA Section 502(g). The Funds may file the attached Confessions of Judgment in the Supreme Court of the State of New York, County of Queens upon default of the terms and conditions of this Agreement.

9. Notice of Default shall be faxed and mailed to **CARDRONA** at 58-85 57th Street, Maspeth, NY 11378 (fax 718-383-5355).

10. If **CARDRONA** shall sell, transfer, assign, enter into a partnership, consolidate or merge with another person, firm, corporation, control group or any other business entity, the full amount of the outstanding unpaid balance of the settlement amount and current contributions owed shall immediately become DUE AND PAYABLE to the **L28 FUNDS**. Moreover, the terms of this agreement will be placed into any transfer of ownership document binding both parties to the transaction to the terms of this agreement and this agreement is therefore enforceable against same parties.

11. This Agreement shall be final and binding upon each of the parties hereto, and their successors and assigns.

12. This Agreement sets forth the entire understanding of the parties and is intended to be the complete and exclusive statement of the terms thereof, and may not be modified or amended except by a writing signed by the parties.

13. If, at any time after the date hereof, any provision of this Agreement shall be held by any court of competent jurisdiction to be illegal, void or unenforceable, such provision shall be of no force and effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

14. The signatories executing this Agreement on behalf of **CARDRONA** acknowledge, represent and warrant to the Funds that: (i) they have been duly authorized (and have full power and authority) to enter into, execute, deliver, perform and implement this Agreement; and (ii) this Agreement is legal, valid and binding upon **CARDRONA** and enforceable against it in accordance with its terms. The signatories executing this Agreement on behalf of Funds hereby acknowledge, represent and warrant to **CARDRONA** that: (i) they have been authorized (and have full power and authority) to enter into, execute, deliver, perform and implement this

Agreement; and (ii) this Agreement is legal, valid and binding upon the Funds and its Board of Trustees and enforceable in accordance with its terms. The existence and terms of this Agreement shall be confidential and shall not be disclosed by any party hereto, except as may be necessary to comply with or enforce its terms.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written.

Dated: 7/20, 2010

CARDRONA INC.

By: _____
Ultan Gallagan, President

ULTAN GALLAGAN

By: _____
Ultan Gallagan, Individually

TRUSTEES of the SHEET METAL WORKERS LOCAL UNION No. 28 BENEFIT FUNDS

By: _____
John McGrath, Trustee

5